UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAJIV KANANI and ASITA KARIA,

    Plaintiffs,

v.   Case No: 6:23-cv-2483-JSS-EJK

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC and
NATIONAL CREDIT SYSTEMS,
INC.,

    Defendants.
_____/

## ORDER

Defendants jointly move for an order staying discovery in this matter pending resolution of their Motions to Dismiss (Dkts. 34, 37). (Motion, Dkt. 49.) Plaintiffs oppose the Motion. (Dkt. 54.) Upon consideration, Defendants' Motion is granted.

Pursuant to Federal Rule of Civil Procedure 26(c), a court may, for good cause, issue a protective order staying discovery pending resolution of a dispositive motion. Fed. R. Civ. P. 26(c)(1); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "While motions to stay discovery may be granted pursuant to Rule 26(c) . . . the moving party bears the burden of showing good cause and reasonableness." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "Normally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery pending resolution

of the dispositive motion." Middle District Discovery (2021) at Section I.E.4.; *Fitzgerald Motors, Inc. v. FCA US LLC*, No. 8:19-cv-2661-T-35AAS, 2020 WL 1139092, at *1 (M.D. Fla. Mar. 9, 2020). Delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman*, 176 F.R.D. at 652. However, the court enjoys "broad discretion" in deciding whether a stay of discovery is warranted. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997). "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama*, 123 F.3d at 1367). Thus, when considering a motion to stay discovery pending a ruling on a motion to dismiss, it is necessary for the court to "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53 (internal quotations removed); *see Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 WL 710547, at *1 (11th Cir. Feb. 21, 2024) ("Because the motion to dismiss presented a potential resolution to the case that required no further findings of fact, this Court's precedent dictates that the district court should rule on the motion before discovery.") (citing *Chudasama*, 123 F.3d at 1367).

Upon review of Defendants' Motions to Dismiss they appear to be case dispositive and if granted, would obviate the need for discovery in this matter. *See* (Dkts. 34, 37.) Moreover, the court finds that any harm produced by staying discovery

is outweighed by the possibility that the Motions will be granted and preclude the need for such discovery. *See, e.g.*, *Roberts v. FNB S. of Alma, Georgia*, 716 F. App'x 854, 857 (11th Cir. 2017) (finding district court did not abuse discretion in staying discovery pending resolution of motion to dismiss); *Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 749 (11th Cir. 2013) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.") (quoting *Kaylor v. Fields,* 661 F.2d 1177, 1184 (8th Cir. 1981)).

Accordingly:

1. Defendants' Joint Motion to Stay Discovery Pending Their Motions to Dismiss (Dkt. 49) is **GRANTED**.

2. Discovery is stayed pending the court's resolution of Defendants' Motions to Dismiss (Dkts. 34, 37).

**ORDERED** in Orlando, Florida, on May 3, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record