UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAJIV KANANI and ASITA KARIA,

    Plaintiffs,

v.                                                                                                  Case No: 6:23-cv-2483-JSS-EJK

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC and
NATIONAL CREDIT SYSTEMS,
INC.,

    Defendants.
_____/

## ORDER

Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC (together, the Consumer Reporting Agency (CRA) Defendants) jointly move to dismiss Counts I and II of Plaintiffs' Complaint with prejudice (Dkt. 37) and Defendant National Credit Systems, Inc. (National) moves to dismiss Count III of Plaintiffs' Complaint with prejudice (Dkt. 34). Plaintiffs oppose both motions to dismiss. (Dkts. 40, 43.) Upon consideration and for the reasons stated below, Defendants' motions to dismiss are denied.

## BACKGROUND

Plaintiffs, a husband and wife, bring their Complaint against the CRA Defendants and National pursuant to the Fair Credit Reporting Act (FCRA), 15

U.S.C. § 1681, *et seq.* (Dkt. 1.) Plaintiffs and their elderly parents allegedly entered into rental agreements on April 28, 2022 to rent two apartments from a landlord at the Encantada at Dove Mountain Apartments in Arizona. (*Id.* ¶ 50.) Shortly after moving in, Plaintiffs found that the apartments were infested with snakes and scorpions. (*Id.* ¶¶ 51–54.) Plaintiffs allege that they were forced to vacate the apartments and entered into an oral agreement with the landlord to terminate the lease. (*Id.* ¶¶ 55–56.) Plaintiffs had initially agreed to move into another of the landlord's properties until they were informed that the rent had been increased. (*Id.* ¶ 57–58.) Plaintiffs then vacated the apartments to move back to Florida, "paid all the rent owed," and "entered into a spoken walkaway agreement" with the landlord, "which absolved [Plaintiffs] of any financial obligations" from the apartment rentals. (*Id.* ¶¶ 59–62.)

Sometime later, Plaintiffs checked their credit reports and identified a collection account showing that Plaintiffs owed $5,380 to the Encantada at Dove Mountain Apartments, with Defendant National listed as the collection agency. (*Id.* ¶¶ 66–67, 69.) Plaintiffs thereafter disputed the accuracy and validity of the debt with each Defendant. (*Id.* ¶¶ 70–93, 105–36.) According to Plaintiffs, Defendants failed to conduct reasonable investigations and reinvestigations into the dispute and failed to correct or delete the inaccurate reporting with respect to the debt. (*Id.*) As a result of the inaccurate and uncorrected reporting, Plaintiffs allege that they suffered the loss of credit and ability to purchase and benefit from their credit ratings, the expenditure of time, money, and effort in trying to correct the inaccurate reporting, as well as

emotional distress including "mental and emotional pain, anguish, humiliation, and embarrassment[.]" (*Id.* ¶ 146.)

Plaintiffs assert three counts in their Complaint. In Count I, Plaintiffs allege that the CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to ensure the maximum possible accuracy of Plaintiffs' credit reports. (Dkt. 1 ¶¶ 147–56.) In Count II, Plaintiffs allege that the CRA Defendants violated 15 U.S.C. § 1681i by failing to perform a reasonable reinvestigation to determine whether the disputed information was accurate, and by failing to accurately record the status of the disputed information. (Dkt. 1 ¶¶ 157–67.) In Count III, Plaintiffs allege that National violated 15 U.S.C. § 1681s-2(b) by failing to investigate Plaintiffs' dispute and properly review all relevant information to correct its own internal records and prevent the inaccurate reporting to the CRA Defendants. (Dkt. 1 ¶¶ 168–73.)

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). A defendant may seek to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept the complaint's well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (citing *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014)).

To survive a motion to dismiss, a complaint must allege facts that reasonably demonstrate evidence exists to support the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Rule 8's pleading standard 'does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A litigant may not solely put forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Instead, the plaintiff's allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." *Urquilla-Diaz*, 780 F.3d at 1051 (quotations removed) (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

### A. The CRA Defendants' Motion to Dismiss

Plaintiffs bring Counts I and II against the CRA Defendants for alleged willful and negligent violations of § 1681e(b) and § 1681i of the FCRA. (Dkt. 1 ¶¶ 147–67.) The CRA Defendants move to dismiss both counts with prejudice and argue that

Plaintiffs have failed to plead a factual inaccuracy in their credit information necessary to support their claims. (Dkt. 37 at 9–13.) Plaintiffs respond that the CRA Defendants misconstrue Plaintiffs' allegations and that Plaintiffs have adequately stated a claim in each count. (Dkt. 43.) Upon consideration, the court agrees with Plaintiffs.

Section 1681e(b) of the FCRA provides that in preparing a consumer report, a consumer reporting agency "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1157, 1160 (11th Cir. 1991)). Section 1681i of the FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file . . . is disputed by the consumer . . . the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file[.]" 15 U.S.C. § 1681i(a)(1)(A). "The elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same [as under § 1681e], except that the plaintiff needn't show that the agency prepared and distributed a report." *Losch*, 995 F.3d at 944 (citing *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015)).

"To establish a violation of either of these FCRA provisions, the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024) (citing *Losch*, 995 F.3d at 944).  To plead factually inaccurate information within a credit report or file, a plaintiff's credit information "must be factually incorrect, objectively likely to mislead its intended user, or both to violate the maximal accuracy standard of the Fair Credit Reporting Act." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020).  "Under that standard, a report that contains factually incorrect information is plainly inaccurate under the Fair Credit Reporting Act.  So too for a report that contains factually correct information but nonetheless misleads its users as to its meaning or implication." *Id.*  "[W]hen evaluating whether a report is accurate under the [FCRA], [the court must] look to the objectively reasonable interpretations of the report." *Id.* (citing *Cahlin*, 936 F.2d at 1158).

The CRA Defendants frame Plaintiffs' allegations as resulting from a contractual dispute with their landlord as to whether the presence of snakes and scorpions in the Arizona apartments discharged their obligations under their lease agreements, and argue that "only factual inaccuracies, not legal disputes between a consumer and a furnisher of information, give rise to liability under the FCRA." (Dkt. 37 at 6 (collecting cases)); *see, e.g.*, *Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020) (affirming grant of judgment on the pleadings in favor of defendant where plaintiff did "not allege that the reported debt is inaccurate as to the

- 6 -

amount" but only that landlord's failure to make necessary repairs rendered apartment uninhabitable and discharged plaintiff's continued obligation to pay rent under the lease). However, the Eleventh Circuit recently clarified that "[w]hether the alleged inaccuracy is factual or legal is beside the point. Instead, what matters is whether the alleged inaccuracy was objectively and readily verifiable." *Holden v. Holiday Inn Club Vacations Inc.*, 98 F.4th 1359, 1363 (11th Cir. 2024). In *Holden*, the Eleventh Circuit affirmed summary judgment in favor of the furnisher of credit information, where the plaintiffs challenged their obligations to pay past-due balances under the provisions of their time share purchase contracts. *Id.* at 1363–65. The court analyzed the agreements and found that resolution of the underlying dispute was "not a straightforward application of law to facts." *Id.* at 1368. Rather, "Florida state courts that have reviewed timeshare agreements—like the ones [at issue there]—ha[d] come to conflicting conclusions about whether the default provisions excused a consumer's obligation to keep paying." *Id.* Thus, the court held that the alleged inaccurate information was not objectively and readily verifiable and was not actionable under the FCRA. *Id.* at 1369.

In contrast, Plaintiffs' allegations regarding the inaccuracy in their credit information are objectively and readily verifiable. Plaintiffs allege that they "paid all the rent owed," "did not and do not owe any debt," and "entered into a spoken walkaway agreement" with the landlord, "which absolved [Plaintiffs] of any financial obligations" from the apartment rentals. (Dkt. 1 ¶¶ 60–62.) Therefore, the reporting that Plaintiffs owed $5,380 to the Encantada at Dove Mountain Apartments was

allegedly inaccurate as to the amount and existence of the debt. (*Id.* ¶ 69.) Rather than turning on any disputed provision in the lease agreements, Plaintiffs' allegations are a "straightforward application of law to facts." *Holden*, 98 F.4th at 1368. Either Plaintiffs entered into an agreement with the landlord to discharge any further obligations or they did not. According to the well-pleaded allegations in Plaintiffs' Complaint, they did. Accepting those allegations as true for the purposes of the CRA Defendants' motion, Plaintiffs have adequately pleaded an objectively and readily verifiable inaccuracy in their credit information sufficient to survive dismissal. *See Losch*, 995 F.3d at 945 (holding that plaintiff sufficiently proved that consumer reporting agency reported "factually inaccurate information" where purported debt had been discharged and plaintiff "was no longer liable for the balance nor was he 'past due' on any amount") (citing *Midland Funding, LLC v. Johnson*, 581 U.S. 224, 233 (2017)); *Paulino v. W. Funding II Inc.*, No. 23-24172-CIV, 2024 WL 2976744, at *5 (S.D. Fla. June 13, 2024) (denying motion to dismiss claims brought under § 1681e(b) and § 1681i where plaintiff's claims "hinge[] on [the] objectively verifiable fact" of whether plaintiff executed the disputed loan); *Solus v. Regions Bank*, No. 1:19-cv-2650-CC-JKL, 2020 WL 4048062, at *5 (N.D. Ga. July 17, 2020) ("[W]hat Plaintiff disputed, as an initial matter, was the accuracy of the notation on her credit report that she had voluntarily surrendered the Nissan, and that plausibly is a factual dispute that Trans Union should have reinvestigated in accordance with 15 U.S.C. § 1681i."). The CRA Defendants do not argue that Plaintiffs' allegations fail to establish the remaining

elements of Counts I and II. Accordingly, the CRA Defendants' motion to dismiss is denied.

### B. National's Motion to Dismiss

Plaintiffs bring Count III against Defendant National, as a furnisher of information under the FCRA, for alleged willful and negligent violations of 15 U.S.C. § 1681s-2(b). (Dkt. 1 ¶¶ 168–73.) "Under the FCRA, furnishers have a duty not to furnish information about a consumer to a reporting agency if the furnisher 'knows or has reasonable cause to believe' that the information is inaccurate." *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1217 (11th Cir. 2023) (quoting 15 U.S.C. § 1681s-2(a)(1)(A)). Upon receipt of a dispute as to the accuracy of the information, "the furnisher must conduct a 'reasonable investigation' into the information's accuracy." *Id.* (quoting 15 U.S.C. § 1681s-2(b)). As part of its investigation, the furnisher must "review all relevant information provided by the consumer" and "if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation," the furnisher must modify, delete, or "permanently block the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1)(B), (E). To state a claim that a furnisher violated § 1681s-2, a plaintiff "must first identify inaccurate or incomplete information provided by the furnisher to a consumer reporting agency" and "must also allege facts showing that the furnisher's investigation of the disputed information was unreasonable." *McWhorter v. Trans Union LLC*, No. 23-13427, 2024 WL 3385676, at *4 (11th Cir. July 12, 2024) (quoting *Milgram*, 72 F.4th at 1218). "[T]o prove an investigation was unreasonable, a plaintiff

must point out some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete." *Id.*

### 1. Accuracy of the Reported Information

National argues that Count III must be dismissed because the information reported on Plaintiffs' credit report is accurate and Plaintiffs' claim cannot rest on an unresolved legal question as to whether they were entitled to break their lease without paying the applicable termination fee. (Dkt. 34 at 5–10.) However, as explained above, Plaintiffs have sufficiently pleaded an objectively verifiable inaccuracy in their credit report and the information furnished by National as to the existence of any underlying debt owed to the Encantada at Dove Mountain Apartments. *E.g.*, (Dkt. 1 ¶¶ 60–62.) Indeed, contrary to National's argument, the Eleventh Circuit recognized in *Holden* that in requiring a furnisher to conduct a reasonable investigation into disputed information, the FCRA "will sometimes require furnishers to investigate, and even to highlight or resolve, questions of legal significance" and that "furnishers *are* qualified and obligated to assess issues such as whether debts are actually due and/or are collectible[.]" *Holden*, 98 F.4th at 1368 (citing *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1253 (9th Cir. 2022)). Whether Plaintiffs will ultimately succeed on their claims is not before the court, but accepting the factual allegations in Plaintiffs' Complaint as true, their allegations are sufficient to survive a motion to dismiss.

### 2. Willful Violation of the FCRA

National next argues that Plaintiffs fail to satisfy the pleading requirements for a willful violation of the FCRA. (Dkt. 34 at 10–11.) "Under 15 U.S.C. § 1681n(a), a

person who 'willfully fails to comply' with the FCRA is liable to the affected consumer for actual, statutory, or punitive damages." *McWhorter*, 2024 WL 3385676, at *3. "A violation is willful if it is committed 'with knowledge or reckless disregard for the law.'" *Id.* (quoting *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009)). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiffs allege that they did not owe any debt to the Encantada at Dove Mountain Apartments, and that after being repeatedly informed of the error on their credit reports, National willfully continued to furnish the inaccurate information. *E.g.*, (Dkt. 1 ¶¶ 105–14, 126–36.) These allegations are sufficient at this stage to support an inference that National's violative conduct was willful. *See, e.g.*, *Pullman v. Wells Fargo Bank, N.A.*, No. 8:22-cv-2720-VMC-JSS, 2023 WL 3620682, at *6 (M.D. Fla. May 24, 2023) (collecting cases); *Figueroa v. Baycare Health Sys., Inc.*, No. 8:17-cv-1780-T-30JSS, 2017 WL 4654582, at *3 (M.D. Fla. Oct. 17, 2017) ("With respect to the issue of willfulness, Defendant's motion reads like a motion for summary judgment and is premature at this juncture because the Court cannot determine whether Defendant's actions were willful until the Court is presented with record *evidence* about what actions Defendant took to comply with the FCRA."); *cf. Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1123 (11th Cir. 2006) ("Having previously determined that a question of fact exists as to whether Experian willfully failed to comply with the requirements in § 1681e(a), we therefore conclude, under the notice pleading standard, that Levine

has stated a claim for a willful violation of FCRA under § 1681n that includes a request for all of the available damages under this provision, including statutory damages.").

## CONCLUSION

Accordingly, upon consideration and for the reasons stated above:

1. Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's Motion to Dismiss Plaintiffs' Complaint (Dkt. 37) is **DENIED**.

2. National Credit Systems, Inc.'s Motion to Dismiss Count III of Complaint with Prejudice (Dkt. 34) is **DENIED**.

3. Defendants shall respond to the Complaint in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

**ORDERED** in Orlando, Florida, on August 8, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record