UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAJIV KANANI and ASITA KARIA,

    Plaintiffs,

v.   Case No: 6:23-cv-2483-JSS-EJK

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, LLC,
TRANS UNION, LLC, and
NATIONAL CREDIT SYSTEMS,
INC.

    Defendants.
_____/

## ORDER

On October 4, 2024, in light of the Notice of Settlement as to Defendant Trans Union LLC Only (Dkt. 82) the court dismissed this case without prejudice as to Defendant Trans Union LLC (Trans Union) and directed the Clerk to terminate Trans Union as a party to this matter, (Dkt 83). Plaintiff and Trans Union have now filed a Stipulation of Dismissal with Prejudice as to Defendant Trans Union LLC Only "[p]ursuant to Federal Rule of Civil Procedure 41." (Joint Stipulation, Dkt. 86.) The court presumes that Plaintiffs and Trans Union are referring to Rule 41(a)(1)(A)(ii), which permits a plaintiff to voluntarily dismiss a case without court order "by filing . . . a stipulation of dismissal signed by all parties who have appeared." The Joint Stipulation is signed by Plaintiffs, Trans Union, and National Credit Systems,

Inc., but it is not signed by Experian Information Solutions, Inc. and Equifax Information Services, LLC, two Defendants who have also appeared in this matter. While the latter parties have both been terminated from this case, that is immaterial under Rule 41(a)(1)(A)(ii). *See City of Jacksonville v. Jacksonville Hosp. Holdings*, 82 F.4th 1031, 1038 (11th Cir. 2023) ("[A] Rule 41(a)(1)(A)(ii) stipulation also requires the signature of a party that appeared but has already been removed from an action."). Accordingly, the Joint Stipulation is ineffective under that Rule. *See McDaniel v. S. Corr. Med. LLC*, No. 24-10079, 2024 WL 390288, at *1 (11th Cir. Feb. 2, 2024) ("While [the plaintiff] attempted to dismiss these defendants in two joint Rule 41(a)(1)(A)(ii) stipulations, the stipulations were ineffective because they were not signed by all parties who had appeared in the action.").

The court construes the Joint Stipulation as a motion to dismiss this case as against Trans Union under Rule 41(a)(2), which provides for dismissal upon court order "on terms that the court considers proper." *See Sanchez v. Discount Rock & Sand, Inc.*, 84 F.4th 1283, 1292 (11th Cir. 2023) ("Rule 41(a)(2), by its plain language, doesn't require a motion . . . [a]nd, several times, we've approved dismissal orders that treated Rule 41(a)(1)(A) notices and stipulations as requests for a Rule 41(a)(2) court order."). The court finds that the terms the parties seek in the Joint Stipulation, dismissal of all claims against Trans Union with prejudice, to be proper.

Accordingly, Plaintiff's and Defendant Trans Union LLC's construed motion to dismiss all claims against Defendant Trans Union LLC under Rule 41(a)(2) (Dkt.

86) is **GRANTED**.  The claims against Defendant Trans Union LLC are **DISMISSED with prejudice**.

    **ORDERED** in Orlando, Florida, on November 6, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record